We will turn now to our regular argument calendar. First case on that calendar is Larissa Jock and others versus Sterling Jewelers. Good morning, Your Honors. May it please the Court, my name is Gerald Mattman of Cipher Shaw LLP and I represent Sterling in this litigation. There are three key points to this appeal. The first is the legal issue that Sterling presented to the District Court, which was whether or not the arbitrator in this case exceeded her authority or ruled and manifest disregard of the law in her tolling order of February 29, 2016, relative to the Equal Pay Act claims at issue here. We say she did. The focal point of the District Court order below was whether or not the arbitrator's order was sufficiently final such that it was reviewable. It's called a conditional order, isn't it? The tolling order was not conditional, the certification order was conditional. Certification, well, isn't that what you're appealing? No, we're appealing the tolling order, Your Honor. We're actually appealing the District Court's declining jurisdiction and determining that the order at issue, the tolling order wasn't sufficiently final to be reviewed. The relief that we request is a remand by this Court to the District Court so that he would determine the merits of our challenge to the tolling order. So, Mr. Mattman, would you start off, perhaps, since we're focusing on jurisdiction and tell us why this Court has jurisdiction even to hear what you are attempting to appeal? Because as I read the Arbitration Act, I don't see how you get here. We submit that the concept of finality is to be determined from a practical test and that flows from the Supreme Court's Cohen decision. And we believe that the sufficient indicia finality are for four reasons. The first is that the arbitrator definitively and finally decided the issue of the participation rights of thousands of individuals who Sterling contends had time-barred claims. Not in the Court. That's within the tolling order, the four corners of the tolling order that we challenged when we moved to vacate it before Judge Raycock. So Section 16A tells us what an appeal may be taken from, right? Yes, Your Honor. That's the source of our, this Court's, jurisdiction? Yes, Your Honor. All right. So refusing a stay or any action under Section 3, we're not there. We're down to confirming or denying confirmation of an award or partial award. How does this fit into award or partial award? Well, these four attributes. The second was that there was no further ruling or adjudication required with respect to the tolling order. It was decided and it was a final issue. It's over. It will never be re-litigated, much like that the plaintiffs say the conditional certification order is conditional and would be re-examined on the decertification aspects of the case. That's not true with respect to the tolling order. Well, once, if we re-examine the tolling order, what would be left? Well, we're not asking anyone to examine the conditional certification order. That will stand. The issue that we're asking— How can you decide one without the other? You can easily have one without the other. It's the definition of who may participate. In this particular instance, the opt-in claims by virtue of the arbitrator's order went out in the fall of 2016 under the Equal Pay Act, a two-year statute of limitations for non-wilful violations, three years for willful. The parameters would be the fall of 2013 to the present. Instead, the arbitrator issued a tolling order and exercised tolling for slightly over ten years back to October of 2013. If you remanded the district court and if the district court would vacate the tolling order, the collective action certification order would start in October of 2013 up through the time of judgment. The tolling order is simply about who may participate, and our position is that is a final order because it finally and definitively adjudicates an issue that was before the arbitrator. No further findings of fact need to be done. It will never be litigated, and it falls within the universe of orders that the Supreme Court in Cohen said can be reviewed and are subject to the appellate process. If the arbitrator were to decertify the collective action, her order with respect to tolling still stands. If I am an opt-in, I may file my own arbitration, and it will be timely no matter what the arbitrator  What would the tolling order be attached to if the underlying case could still be tried? What is the underlying case without the tolling order? The underlying case without the tolling order would be liability potential examination of whether or not the Equal Pay Act was violated for people from October 13 through the time of the trial now scheduled for March of 2018. Is this all about potential damages? Is that what it's about? It's about the ability of the arbitrator or the power of the arbitrator to ignore Is there anything in the contract arbitration agreement which your client had everyone sign off on that precludes the arbitrator from doing something like this? No, actually the arbitrator looked at it and found that that was silent during the Clause Construction Award which this court decided in 2011. I know, I'm intimately familiar with that piece of it. I know you are, Your Honor. This particular proceeding where the tolling motion was brought and the tolling order was entered did not revert to that arbitration agreement and nothing was said about it in terms of it impacting it whatsoever. Would she be free in all of this if we drilled down to it to do whatever she wants? She can't issue an order and manifest disregard of the law and in essence she said American pipe tolling, which is a creature of Rule 23, would be applied for the first time to our knowledge to an Equal Pay Act claim even when the plaintiffs conceded to her it had never been done and there's no ruling that ever did it. She said, nonetheless, I'm going to do it because of what I believe are notions of the unique procedural history in this case. We believe that exceeded authority was in manifest disregard and the relief we seek is simply for the district court to examine that issue because the tolling order is final in terms of the issue. No further litigation needs to take place on it and it falls within that area in Cohen of an issue that can be right for review that is simply something short of an explicit final judgment. We believe for those reasons that this court should reverse and allow Judge Rakoff to examine the merits of that issue. Thank you. Good morning, Your Honor. Joseph Sellers representing the claimants. May it please the court. First of all, let's be clear what the tolling order did and didn't do. The tolling order granted equitable tolling based on circumstances that the arbitrator found were unique to this case. The arbitrator did not find the American Pipe Rule normally applies to Equal Pay Act cases. It found in this particular case the circumstances warranted equitable tolling. And the other thing it did was it expanded the number of women who were eligible to participate in the case. As you know, Sterling has not appealed the conditional certification ruling. That is the ruling that allowed this case to proceed to include a number of women to begin with. The only question we're debating here is how many women may participate in it because it's a question of how far back the limitations period is permitted to go. And therefore, as I suggested, what the damages will be if you prevail. Well, ultimately, that's about what this is about. It's about monetary relief. And the more women who participate, assuming the claims are successful, the more economic exposure Sterling Jewelers has. The longer you measure those claims. Yes, that is what I think is ultimately an issue. But the other thing I wanted to make clear is that this ruling, if the court allows an appeal from this kind of ruling, Mr. Mattman describes it as a final order. It's final only in the sense that there's no further ruling that's needed with respect to it. When the arbitrator is asked by Sterling Jewelers whether to decertify the Equal Pay Act claim, there's no additional fact gathering that would be needed to review that. But it is not final within the Federal Arbitration Act. The act, as Judge Hall noted, has very limited circumstances in which appeals may be taken from what it regards to be final orders. This is only final to the same extent that an order compelling discovery of a database would be final. It's produced. It's done. That's no more final with respect to or no less final than this tolling order. And if this court were to allow this kind of appeal, you would be opening the door to the appeal from routine tolling orders to definitions of, in Fair Labor Standards Act cases, to whom people should receive, who should receive notice, rulings on discovery. There is no end to the type of rulings that could be susceptible to appellate review if the arguments that Sterling argues here are accepted. Finally, make one last point, which is Sterling makes the point that they have no appeal, no rights to challenge this later, and we submit that's wrong. The reason is that at some point later, there's going to be a stage in this process where Sterling is going to move to decertify the Equal Pay Act collective action, and either the arbitrator is going to grant it or deny it, but at that point, Sterling may appeal from the decision to grant tolling. And therefore, it will have the opportunity at the appropriate time when the issue is adjoined on something that the federal arbitration act does regard to be a final order or partial final order, and that is whether the collective action should finally be certified, just like the Title VII class, Rule 23 class was certified, giving rise to a partial final award that was the subject of another appeal here. So Sterling is not being deprived of any opportunity eventually to challenge this particular ruling. It's a question of when to do it and how often we should be in front of this court. This, of course, is the third time we've been here, and I can anticipate it's always good to see you, but we may be here on multiple additional occasions. Just as a warning. Sorry. I just thought you should be aware of what's coming. The final point I want to make is one last point, which Mr. Mattman briefly addressed, which is why he contends that the arbitrator's decision, if you get to the merits of it on equitable tolling, is outside the scope of our authority. So let's remind ourselves of what the limited scope of judicial review permitted, both in this circuit and by the Federal Arbitration Act. The first question is, was the arbitrator authorized to reach this issue? There's no question that the parties submitted to the arbitrator the question whether the claim should be susceptible to conditional certification, and along with that, the question of the temporal scope of that conditional certification, which gave rise to this equitable tolling. So that was clearly something submitted to the arbitrator for her to decide. On the question of whether she manifestly disregarded the law, the other ground that could give rise to a vacator, it couldn't be clearer that the tolling order simply recognized in the context of the AAA rules, which only provide for an opt-out process, the interpretations by arbitrators in the Fourth Circuit of the Long John Silver's case, several rulings that the arbitrator herself issued, that there was reason to believe that the claimants had been led to believe that they were allowed to rely on an opt-out rather than an opt-in process. That is, and she characterized it as the unique circumstances in this case in a ruling that, by the way, while it was not characterized as a final or partial award, it was characterized by the arbitrator as an interim award, precisely the kind of award that the Federal Arbitration Act normally does not contemplate review of. So for all those reasons, respectfully, we submit that the Court should affirm the district court below and allow and deny, recognize that no jurisdiction exists at this time. Even if we, but that depends on our finding that we have jurisdiction even to do anything other than dismiss the appeal. Well, that's, I'm sorry. I should say that certainly one possibility is to dismiss the appeal. What I meant is I don't think this Court should get to the merits of the underlying question. We've argued it briefly, but I don't think it's before the Court. Thank you. Thank you. I'll let you reserve two minutes for rebuttal. Thank you. Just briefly, I'm struck, and it's cited in our brief, the quotation from Judge Friendly about what finality is from the United States v. Town of Babylon case where he said there is little finality about the concept of finality, and it's different things in different contexts. And we believe the case law, though sparse in this particular instance, is supportive of Sterling's position. We've cited the MV Captain case and the Zeller case, which allowed appeals to review awards that finally and definitively disposes of an independent issue separate and apart from the merits, and we believe that our tolling order falls within that universe of very narrow claims that could be reviewed. In essence, we submit that the arbitrator's order that breathed life into dead claims and resuscitated thousands of those claims and enabled those individuals to bring untimely claims, claims that we would have to defend even if the case is decertified and then individuals filed on arbitration. Within the words of the Cohen decision, it's too important to be denied review, and it's too independent of the cause to require appellate consideration to be deferred until after the entire case is adjudicated. Thank you very much. Thank you both. We'll reserve decision.